JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0509 AG (PLAx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | ONSITE NURSE CONCIERGE, LLC ET AL. v. MYONSITE HEALTHCARE, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND AND AWARDING AS MODIFIED ATTORNEY FEES**

This is a fight between phlebotomists. About six and a half months ago, Plaintiffs Onsite Nurse Concierge, LLC and Sandy Lassiter sued Defendants myOnsite Healthcare, LLC and Mayank Trivedi in California state court for breach of contract and fraud. (*See* Compl., Dkt. No. 1-1.) In essence, Plaintiffs say Defendants sold all or part of a mobile blood-testing business to Plaintiffs, but then breached the terms of that sale. (*See id.*) Recently, Defendants removed this case to federal court, asserting that this Court has subject matter jurisdiction under the Constitution's diversity clause. (*See* Not. of Removal, Dkt. No. 1.) Plaintiffs filed a motion to remand ("Motion to Remand"). (*See* Mot., Dkt. No. 9.)

The Court GRANTS the Motion to Remand, and awards attorney fees as provided in this order.

**1. LEGAL STANDARD**

It's helpful to understand the burden Defendants bear. The Constitution and Congress confine federal courts' jurisdiction to certain subject matters. *See* U.S. Const. art. III, § 2.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0509 AG (PLAx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | ONSITE NURSE CONCIERGE, LLC ET AL. v. MYONSITE HEALTHCARE, LLC ET AL. | | |

Courts themselves police their exercise of power. They take this sacred duty seriously and guard their limited jurisdiction jealously. *See Abramson v. Marriott Ownership Resorts, Inc.*, No. SACV 15-0135 AG JCGx, 2016 WL 105889, at *1 (C.D. Cal. Jan. 4, 2016). This jealousy gets expressed in a lot of ways.

First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.*

Second, federal courts demand jurisdiction be shown at the courthouse doors. Courts require parties arguing for jurisdiction to address jurisdiction as soon as they get to federal court, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a).

Third, federal courts raise jurisdiction when they think it's a question, regardless of whether the parties do. *See* Fed. R. Civ. P. 12(h)(3). Courts require parties arguing for jurisdiction to demonstrate its existence at any point it becomes a question.

Fourth, federal courts are particularly skeptical of cases removed from state court.

> In cases brought in the federal court it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal. A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoation marks, alterations, and omissions omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0509 AG (PLAx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | ONSITE NURSE CONCIERGE, LLC ET AL. v. MYONSITE HEALTHCARE, LLC ET AL. | | |

there is any doubt" about jurisdiction. *Id.*

## 2. ANALYSIS

Against that legal backdrop, Defendants concede that this Court might not have subject matter jurisdiction. That admirably forthright but fatal position is a little complicated to explain.

As background, Defendants' only asserted basis for this Court's jurisdiction is under the Constitution's diversity clause. *See* U.S. Const. art. III, § 2, cl. 1. Diversity jurisdiction requires that (1) each plaintiff be a citizen of a different state than each defendant and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Defendant removed this case from state court to federal court. If a case isn't initially removable, it generally needs to be removed within 30 days of when it becomes removable. *See id.* § 1446(b)(3).

Defendants, through their previous counsel, didn't remove this case when it was first filed. The parties seem to agree that the case wasn't removable back then. The case was apparently litigated extensively in state court for a few months. As Plaintiffs characterize it, Defendants lost early and often. Specifically, Plaintiffs say the state court granted two ex parte applications, four motions to compel, and an award of $12,500 in sanctions against Defendants.

In any case, the parties seem to agree that Defendants took Plaintiff Lassiter's deposition on February 18, 2016. Defendants' previous counsel believed that it learned something about Plaintiffs' citizenship that made this case removable during that deposition. If that was true, Defendants would have 30 days from the deposition to remove.

Defendants switched attorneys just before that removal deadline. Specifically, Defendants' current counsel became counsel of record on March 17, 2016. Defendants' current counsel spoke to Defendants' previous counsel for the first time on the afternoon of March 16, 2016.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0509 AG (PLAx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | ONSITE NURSE CONCIERGE, LLC ET AL. v. MYONSITE HEALTHCARE, LLC ET AL. | | |

According to Defendants, Defendants' previous counsel told Defendants' current counsel that Plaintiff Lassiter had provided new information affecting the Plaintiffs' citizenship at her deposition. Defendants' previous counsel said Plaintiff Lassiter had accordingly provided a reasonable basis for removal. Defendants' previous counsel also said that a notice of removal needed to filed by March 18, 2016. Defendants' current counsel says they tried verifying all of this, but couldn't immediately do so for various reasons. So Defendants' current counsel relied on Defendants' previous counsel's representations and filed a notice of removal on March 18, 2016.

It turns out Defendants' previous counsel was wrong. What Defendants' current counsel thought was said at the deposition wasn't said. Everyone appears to agree about this.

Defendants think the Court should keep the case here anyway, and allow jurisdictional discovery. According to Defendants, there likely are facts supporting diversity jurisdiction, such that the case will become removable down the road. They wish to avoid going back to state court and then re-removing this case to federal court.

The Court is skeptical that Defendants could establish jurisdiction even after such discovery, and that Defendants haven't waived their right to remove through their litigation efforts in state court. But the Court need not decide these issues. "Federal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Gaus*, 980 F.2d at 566. That's undisputably true here. This case filed under California law in California state court should be returned to the California state courts to be decided by California state judges.

**3. FEES**

Plaintiffs ask the Court to award $8,950 in attorney fees incurred in connection with the Motion to Remand. An order remanding a case to state court can require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). "Absent unusual circumstances" courts can award attorney fees on remand "only where the removing party lacked an objectively reasonable basis for seeking

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0509 AG (PLAx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | ONSITE NURSE CONCIERGE, LLC ET AL. v. MYONSITE HEALTHCARE, LLC ET AL. | | |

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

An attorney fees award is appropriate here. The Court has some sympathy for Defendants' current counsel, and their reliance on Defendants' previous counsel's representations might be justifiable. But Plaintiffs shouldn't be prejudiced by Defendants' choice to switch counsel on the eve of a possibly important deadline. For this reason and others, the Court awards fees.

But the amount of fees sought appears unreasonable, and instead the Court finds an award of $4,200 is appropriate and reasonable here. One of Plaintiffs' attorneys charges Plaintiffs $400 per hour, and the other charges $300 per hour. The Court finds those rates appropriate in the context of this case. Plaintiffs' counsel declares that it spent a total of 19.5 hours on the present removal issue leading up to the filing of the Motion. Plaintiffs' counsel estimates another 6 hours would be spent responding to the Defendants' opposition to the Motion and attending the hearing. Thus, Plaintiffs' counsel asks for fees reflecting 25.5 hours of work. The Court finds this excessive. Instead, the Court finds that a fee award of $4,200 is appropriate and reasonable here. This reflects 12 hours of work at Plaintiffs' counsel's average rate of $350 per hour.

## 4. DISPOSITION

The Court GRANTS the Motion to Remand, and awards attorney fees as provided in this order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |